IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| JOSEPH M. DEANGELIS | : | BANKRUPTCY NO.: 5-08-bk-51130 |
| DEBTOR | : | |
| JOSEPH M. DEANGELIS, | : | |
| MOVANT | : | {**Nature of Proceeding**: Motion to Set Aside Judgment Under Section 522(f) (Doc. #46)} |
| vs. | : | |
| LORRAINE LACOSTE (SHULGEN), | : | |
| RESPONDENT | : | |

# OPINION[1]

11 U.S.C. § 522(f)(1)(A) provides as follows:

**§ 522  Exemptions**

(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--

(A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5);

The Movant asserts that an earlier Order granting default in an adversary filed by the Respondent seeking an Order of Court determining that a debt was non-dischargeable under 11 U.S.C. § 523(a)(15) was a lien that could be avoided to the extent it impaired Debtor's exemption under 11 U.S.C. § 522.[2] The Respondent had earlier filed her

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[2] The Movant filed a Motion to Set Aside Judgment under § 522(f) (Doc. #46) which, at the time of hearing, the Movant acknowledged that the intent was to move to avoid a lien to the extent it impairs

Complaint Objecting to Dischargeability of a Debt Under 11 U.S.C. § 523(a)(15), (Adversary No. 5-08-ap-50141), which resulted in the Order of this Court granting a Motion for Default Judgment because of the Movant's failure to answer the Complaint. See Order of Court dated November 7, 2008 (Adv. No. 5-08-ap-50141 at Doc. #6). The Respondent contends that 11 U.S.C. § 522(f)(1)(A) applies to judicial liens of a kind specified in 11 U.S.C. § 523(a)(15) as well as those specified in 11 U.S.C. § 523(a)(5).

Both parties agreed at the hearing that, while the lien may be subject to avoidance, the underlying debt would not be dischargeable in this bankruptcy. The parties further agreed to stipulate that the value of the property subject to the underlying lien was valued at $128,000 and that the amount of the mortgage was $98,814.[3] The Court suggested that for purposes of securing a more accurate record, the above-referenced numbers as to valuation and the amount of the lien should be put on the docket by way of a written stipulation or even in a formal letter indicating that the values would be part of the record. A review of the docket indicates that neither party filed such document. Regardless, the Court will accept the valuation and amount of the mortgage debt as stipulated. Furthermore, the Court gave both parties thirty days to file briefs in support and in opposition to the respective positions, and again, a review of the docket indicates that neither party took the opportunity to present a brief to the Court.

The Respondent argues that regardless of the caption of the adversary Complaint referenced above indicating an objection to dischargeability of a debt under 11 U.S.C. § 523(a)(15), and regardless of the Court entering a default judgment declaring the debt to

---

an exemption.

[3] The default Order entered in Adversary 5-08-ap-50141 found that the marital debt the Debtor owes the Respondent to be in the amount of $22,740.16.

be nondischargeable again under 11 U.S.C. § 523(a)(15), the underlying default judgment arises from a "domestic support obligation" of the kind specified in 11 U.S.C. § 523(a)(5) and, therefore, is specifically excluded from avoidance under 11 U.S.C. § 522(f)(1)(A). Not surprisingly, the Debtor argues that § 522(f)(1)(A) only excepts liens under § 523(a)(5).

As noted above, the Respondent did not file a brief containing any support for the proposition that 11 U.S.C. § 522(f)(1)(A) excepts both liens specified in § 523(a)(5) and those specified in § 523(a)(15). But, in both Respondent's Answer to the underlying Motion and its oral argument before this Court, Respondent takes the position that her judgment arises out of a domestic support obligation of the kind that is specified in 11 U.S.C. § 523(a)(5) and, therefore, is specifically excluded from being avoided under § 522(f)(1)(A). (See Respondent's Answer at ¶ 3. Doc. #50.) Respondent takes this position despite the fact that she specifically characterized the underlying debt between herself and the Debtor in her Complaint Objecting to Dischargeability of Debt as one arising under § 523(a)(15). Moreover, her prayer for relief, *inter alia*, asked the Court to enter an Order directing that the underlying debt be declared non-dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(15).

A review of the record makes it inescapable that the Respondent couched the underlying debt as evidenced in its Complaint filed under the dischargeability provisions of the Code as one falling under 11 U.S.C. § 523(a)(15). Furthermore, the plain language and reading of 11 U.S.C. § 522(f)(1)(A) provides that only judicial liens securing a debt under section 523(a)(5) are an exception to the exemption rule. On its face, the exemptions claimed by the Debtor are presumptively valid and are proper under the

applicable Code section.

Generally, it is the Debtor seeking the avoidance of a lien which impairs an exemption who bears the burden on every element of a motion to avoid a lien under 11 U.S.C. § 522(f)(1)(A). See *In re Armenakis*, 406 B.R. 589 (Bankr.S.D.N.Y. 2009), i*n accord, In re Banner*, 394 B.R. 292 (Bankr.D.Conn. 2008); *In re Huie*, 2007 WL 2317152 (Bankr.E.D.Tx. 2007); *In re Conner*, 300 B.R. 644 (Bankr.W.D.Pa. 2003). The Debtor must establish the avoidability of the judicial lien by a preponderance of the evidence. See *In re Huie*, 2007 WL 2317152 at 4 [citations omitted]. Based upon the above case law, it is incumbent upon the Debtor filing the motion to avoid the lien to establish, by a preponderance of the evidence, that the lien in question is not a lien that secures a debt of a kind specified in § 523(a)(5).

In that regard, what has the Debtor proffered to show that the underlying lien secures a debt other than of a kind specified in § 523(a)(5)? As noted earlier, the Debtor filed a very bare-boned "Motion to Set Aside Judgment Under Section 522(f)." It is already established that the Debtor did not mean to set aside the judgment but, in fact, meant to avoid a certain portion of the underlying lien in question. In the face of an assertion by the Respondent that regardless of how the underlying debt was characterized in an earlier Complaint objecting to dischargeability, the underlying debt was, in fact, a domestic support obligation under § 523(a)(5). The Debtor provided nothing other than the stipulation that the underlying lien impairs an exemption claimed by the Debtor and a reference to the default judgment in the Adversary Complaint.

Relying upon the case of *Purter v. Heckler*, 771 F.2d 682 (3d Cir. 1985), I find that the earlier default judgment in this case cannot be used by either party to successfully

raise the impact of *res judicata* (claim preclusion) on their respective positions.

> In order to raise successfully the defense of *res judicata*, the party asserting the defense must demonstrate that (1) there has been a final judgment on the merits in a prior suit; (2) the prior suit involves the same parties or their privies and (3) the subsequent suit is based on the same causes of action. *United States v. Athlone Industries, Inc.*, 746 F.2d 977, 983 (3d Cir. 1984).
>
> The court further wrote also on page 690 the following concerning the considerations relevant as to whether or not there is an identity of causes of action:
>
>> (1) whether the acts complained of and the demand for relief are the same (that is, whether the wrong for which redress is sought is the same in both actions....); (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same (that is, whether the same evidence necessary to maintain the second action would have been sufficient to support the first) ... and (4) whether the material facts alleged are the same.

*In re Cost Control Marketing and Management, Inc. (Murray vs. Leiter, et al.)*, Adversary No. 5-92-ap-00102, slip op. at 5 (Bankr. M.D.Pa. July 13, 1994) *citing Purter v. Heckler*, 771 F.2d at 690.

I simply cannot find that the current lien avoidance action is the same cause of action as the prior dischargeablity Complaint.

As to the application of collateral estoppel (issue preclusion) to the earlier default judgment, the positions of the parties presents a paradox. Normally, it is the victor who benefitted from a default judgment in an earlier action that will claim the collateral estoppel effect of the earlier decision on a pending issue in a subsequent action. In the instant case, however, it is the losing party, who was a defendant in the earlier adversary, asking this Court to look to the collateral estoppel effect of the default judgment in the earlier adversary. Regardless of which litigant is requesting this Court to give the earlier default judgment in the dischargeability adversary collateral estoppel effect, the

prevailing view is that a default judgment ordinarily will not support the application of collateral estoppel because the particular issue was not actually litigated. See *Matter of McMillan*, 579 F.2d 289 (3rd Cir. 1978), *In re Bush*, 62 F.3d 1319 (11th Cir. 1995) *citing to* Restatement (Second) of Judgments, § 27 cmt. e (1992) and § 68 cmt. d, e (1942).

Moreover, neither party argued nor raised the application of the "law of the case" rule and its applicability to the earlier default judgment. In similar vein to the application of *res judicata* and collateral estoppel, I find that the law of the case rule equally does not apply in the instant matter. "The rule of the law of the case is a rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." *United States v. United States Smelting Refining & Mining Co.*, 339 U.S. 186, 198, 70 S.Ct. 537, 94 L.Ed. 750 (1950), *citing Messinger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152; *Insurance Group Committee v. Denver & R.G.W.R. Co.*, 329 U.S. 607, 612, 67 S.Ct. 583, 585, 91 L.Ed. 547. Furthermore, the law of the case rule deals with the extent of a decision made by a Court at one stage of litigation which then would govern that principle in latter stages of the same litigation. See 18 *Moore's Federal Practice*, ¶ 134.20[1] at 134-51 (Matthew Bender 3d ed.) and *Council of Alternative Political Parties v. Hooks*, 179 F.3d 64 (3rd Cir. 1999) *citing Federal Practice and Procedure*: Jurisdiction 3d § 4478 at 788 (1981).

The Court declines to rely on the default judgment as dispositive.

This sparse record leaves the Court with the inability to determine whether the underlying lien subject to the requested avoidance falls outside the exception built in to § 522(f)(1). In other words, the Court cannot determine whether the judicial lien secures a debt under § 523(a)(15) as opposed to § 523(a)(5). The inability of the Court to make this

decision is amplified by the fact that it simply cannot make a determination whether the lien secures a debt for a domestic support obligation.[4]

Because of the Debtor's failure to carry his burden by a preponderance of the evidence, I hereby deny Debtor's Motion to avoid the underlying lien pursuant to 11 U.S.C. § 522(f)(1)(A).

An Order will follow.

By the Court,

Date: April 14, 2010

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*

---

[4] For a discussion that a requirement be in the nature of alimony, maintenance, or support to fall within the purview of § 523(a)(5) and how those debts are distinguishable from those debts that fall under § 523(a)(15), see 5 Collier on Bankruptcy ¶ 523.11 at 523-78 to -90 (17th ed. rev.).